UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------- X

LIZBETH O'KEEFE A/K/A LISBETH
O'KEEFE,

                         Plaintiff,

  - v -

JP MORGAN CHASE BANK, NA,

                         Defendant.

------------------------------------------------- X

Civil No. 07 CV 9811 (RMB)

## MEMORANDUM OF LAW OF DEFENDANT
## JPMORGAN CHASE BANK, N.A. IN SUPPORT OF
## ITS MOTION TO DISMISS THE AMENDED COMPLAINT

### PRELIMINARY STATEMENT

Defendant JP Morgan Chase Bank, N.A. ("Chase") respectfully submits this Memorandum of Law in Support of its Motion to Dismiss the Amended Complaint.[1] Plaintiff initiated this action against Chase purportedly because Chase failed to return original, cancelled checks with Plaintiff's monthly checking statement.[2] However, it is clear that this case should be dismissed because 1) the matter is not properly within the jurisdiction of the Court and 2) the Plaintiff has not alleged a cause of action upon which the relief requested may be granted.

Simply put, Plaintiff's Complaint is baseless. Although Chase is not liable to Plaintiff in any amount, Plaintiff seeks recovery of $37,502.17 – the face amount of certain checks which Plaintiff claims not to have received from Chase as "original" canceled checks. Since the

---

[1] A copy of the Amended Complaint is annexed as Exhibit A to the affidavit of Sheila E. Carson, Esq. ("Carson Aff.") submitted herewith.
[2] Although Chase provided substantial notice to Plaintiff in advance to advise her that original checks would no longer be included with account statements, it does not believe that this Motion is the proper procedural situation to address those factual issues. Chase reserves its right to rely on its notices and deposit account agreement at a more appropriate juncture.

demand asserted in the Amended Complaint is below the threshold amount in controversy necessary for diversity jurisdiction before this Court, Plaintiff attempts to assert a federal question basis for jurisdiction under "28 U.S.C. 1331; Expedient Funds Availability Act (12 USC 4001 et seq.)." Plaintiff's assertion of a federal question basis for jurisdiction is unfounded and can only allow this Court to conclude that the Amended Complaint must be dismissed in its entirety.

## Allegations in the Complaint

In the Amended Complaint, Plaintiff asserts the following.

1. The basis of jurisdiction is "28 U.S.C. 1331; Expedient Funds Availability Act (12 U.S.C. 4001 et seq) as defendant violated plaintiff's rights under 12 USC 4008(c)(1)(A)B)(2); 4010(a)(1)(2)(A); 4010(f)." Amended Complaint, ¶II, B.

2. Plaintiff's checking account statements for the time period September 28, 2006 through January 25, 2007 did not contain original, canceled checks. Amended Complaint, ¶III, C.

3. Plaintiff requested that Chase provide the originals, yet Chase provided only images of the checks. Amended Complaint, ¶III, C.

4. Plaintiff told Chase that she needed evidence of payment yet still did not receive "any evidence of $37,502.17 of said check's payments (9/18/07)." Amended Complaint, ¶III, C.

5. Plaintiff "stated she would take defendant to Court (10/29/07) unless evidence was not provided, yet defendant did nothing." Amended Complaint, ¶III, C.

6. Combined total face amount of checks written by Plaintiff yet not contained in Plaintiff's account statements from September 28, 2006 through January 25, 2007 was $37,502.17. Amended Complaint, ¶III, C.

7. Plaintiff seeks to recover damages of "the combined total of all said checks $37,502.17, plus all costs associated with defendants' failure to provide said original checks ($6.74 letters, faxes) ($350 index # purchase) travel to court & photocopy fees." Amended Complaint, ¶V.

8. Plaintiff states that her "basis of compensation is 12 USC 4010(a)(1)(2)(A)(3), as defendant is liable to plaintiff for not providing to Plaintiff said original checks as returning checks is part of the check payment system 12 USC 4008(c)(1)(A)(B)." Amended Complaint, ¶V.

9. Finally, Plaintiff alleges that Chase "acted in bad faith in not providing plaintiff said original checks or evidence of plaintiff paying $37,502.17 as per said original checks, pursuant to 12 USC 4010(f). Amended Complaint, ¶V.

## LEGAL ARGUMENT

### Standard of Review on a Motion To Dismiss

This Court must dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) because the Court lacks subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). Moreover, the Court should dismiss the Complaint pursuant to Fed.R.Civ. P. 12(b)(6) because Plaintiff has failed to state a claim upon which relief can be granted.

Dismissal of a complaint for failure to state a claim must be granted where a plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Cooper v. Parsky,

140 F.3d 433, 440 (2d Cir. 1998). "The task of the court in ruling on a Rule 12(b)(6) motion is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Id. (quoting Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984)). It is well-settled that in deciding a Rule 12(b)(6) motion, a court may consider documents that are central to the complaint, whether or not plaintiff has attached the documents as exhibits, without converting the motion into one for summary judgment. See, e.g., Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995); Cortec Indus. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991) (court may consider document neither incorporated by reference nor attached to complaint where plaintiff had knowledge of document and it was integral to claim); I. Meyer Pincus & Assocs. v. Oppenheimer & Co., 936 F.2d 759, 762 (2d Cir. 1991) (court "decline[d] to close [its] eyes to the contents of the prospectus and to create a rule permitting a plaintiff to evade a properly argued motion to dismiss simply because plaintiff has chosen not to attach the prospectus to the complaint or incorporate it by reference"); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1327 (2d ed. 1990) ("[W]hen plaintiff fails to introduce a pertinent document as part of his pleading, defendant may introduce the exhibit as part of his motion attacking the pleading"). While the Court must draw all inferences in favor of the non-moving party, where the allegations of the complaint fail to demonstrate that plaintiff is entitled to relief under the claims asserted, such claims must be dismissed as a matter of law. See id. (citing Goldman v. Belden, 754 F. 2d 1059, 1067 (2d Cir. 1985)).

In this case, it is monumentally clear that the Amended Complaint should be dismissed, as a matter of law. Plaintiff has asserted a wholly inapposite federal statute – the Expedient Funds Availability Act (the "EFA Act") -- that simply does not apply to the facts asserted by the

Plaintiff. Given that Plaintiff cannot even state a prima facie claim under the Act and has not asserted a diversity basis for jurisdiction, the Court should dismiss the Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. Even if the Court somehow finds that it possesses the requisite subject matter jurisdiction to retain this case, the Court must dismiss the case pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. Despite Plaintiff's unfortunate frustrations with Chase, there is simply no viable claim here.

### POINT I

#### The Court should dismiss the Amended Complaint due to lack of subject matter jurisdiction.

"A court faced with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6) must decide the jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits and, therefore, an exercise of jurisdiction." Magee v. Nassau County Med. Ctr., 27 F.Supp.2d 154, 158 (E.D.N.Y.1998) (citing Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir.1990)).

Although Plaintiff summarily asserts in paragraph II, B of the Complaint that the basis of jurisdiction is "28 U.S.C. 1331; Expedient Funds Availability Act (12 U.S.C. 4001 et seq) as defendant violated plaintiff's rights under 12 USC 4008(c)(1)(A)B)(2); 4010(a)(1)(2)(A); 4010(f)." Such jurisdictional allegations are patently baseless because the Plaintiff does not allege causes of action to support such jurisdiction. On its face, the EFA Act does not give rise to liability for the facts as alleged by Plaintiff.

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir.2000). When the defendant challenges the legal sufficiency of the plaintiff's jurisdictional allegations, the court must take all facts alleged in the

5

complaint as true and draw all reasonable inferences in favor of the plaintiff. Robinson v. Government of Malaysia, 269 F.3d 133, 140 (2d Cir.2001).

However, "where evidence relevant to the jurisdictional question is before the court, 'the district court ... may refer to [that] evidence.' " Id. Christopher D. Smithers Found., Inc. v. St. Lukes-Roosevelt Hosp. Cntr, No. 00 Civ. 5502 (WHP), 2001 WL 761076, at *2 (S.D.N.Y. July 6, 2001) (citing Zappia Middle East Constr. Co. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000)). Therefore, "[i]n resolving the question of jurisdiction, the [ ] court can refer to evidence outside the pleadings and the plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Luckett v. Bure, 290 F.3d 493, 496-97 (2d Cir.2002). The consideration of materials extrinsic to the pleadings does not convert the motion into one for summary judgment. CCS Int'l Ltd. v. United States, 2003 WL 23021951, at *2 (S.D.N.Y. Dec. 24, 2003).

Although not an independent basis for establishing subject matter jurisdiction, 28 U.S.C. §1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. Plaintiff's only jurisdictional allegation alleged in the Complaint is conclusory in nature and irrelevant to the facts alleged in the Amended Complaint. Plaintiff's jurisdictional statement is insufficient as Plaintiff has not alleged a federal question simply by referring to the EFA Act. See Amended Complaint generally.

Plaintiff's claim fails because Plaintiff has presented no facts which would support federal question jurisdiction under the Constitution, laws, or treaties of the United States. Fisher v. Silverstein, 2004 WL 1933610, 5 (S.D.N.Y. Aug. 30, 2004) ("The general allegation of the existence of a Federal question is ineffective unless the matters constituting the claim for relief

as set forth in the complaint raise a Federal question."). Plaintiff presents, at most, the outlines of a breach of contract dispute that may be cognizable in state court. Galland v. Margules, 2005 WL 1981568, *1 (S.D.N.Y. August 17, 2005).

It is well accepted that "if subject matter jurisdiction is lacking, the action must be dismissed." Oscar Gruss & Son, Inc. v. Hollander, 337 F.3d 186, 193 (2d Cir .2003) (quoting Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir.2000)).

Here, the Complaint contains no factual allegations supporting subject matter jurisdiction on the basis of a federal question.

Federal Rule of Civil Procedure 12(b)(1) requires a district court to dismiss a complaint when it lacks "jurisdiction over the subject matter." Fed.R.Civ.P 12(b)(1). In defending a motion to dismiss for lack of subject matter jurisdiction, Plaintiffs bear the burden of "showing by a preponderance of the evidence that subject matter jurisdiction exists." Lunney v. United States, 319 F.3d 550, 554 (2d Cir.2003) (citations omitted). In considering such a motion, while the Court "must accept as true all material factual allegations in the complaint," it is "not to draw inferences from the complaint favorable to plaintiffs." J.S. ex rel. N.S. v. Attica Central Sch., 386 F.3d 107, 110 (2d Cir.2004) (citing Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998)). In fact, "where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits." LeBlanc v. Cleveland, 198 F.3d 353, 356 (2d Cir.1999); accord J.S. ex rel. N.S., 386 F.3d at 110; APWU v. Potter, 343 F.3d 619, 627 (2d Cir. 2003); Flores v. S. Peru Copper Corp., 414 F.3d 233, 255 n. 30 (2d Cir. 2003).

## POINT II

### The Court should dismiss the Amended Complaint because Plaintiff has not stated a claim upon which relief can be granted.

It is well settled in New York that "the underlying relationship between a bank and its depositor is the contractual one of debtor and creditor...." Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Chemical Bank, 57 N.Y.2d 439, 444, 456 N.Y.S.2d 742, 745 (1982); Solicitor for the Affairs of His Majesty's Treasury v. Bankers Trust Co., 304 N.Y. 282, 291, 107 N.E.2d 448, 452 (1952); Tonelli v. Chase Manhattan Bank, N.A., 41 N.Y.2d 667, 670, 363 N.E.2d 564, 566 (1977); Brigham v. McCabe, 20 N.Y.2d 525, 530-531, 232 N.E.2d 327, 330 (1967); Calisch Assocs., Inc. v. Manufacturers Hanover Trust Co., 151 A.D.2d 446, 447, 542 N.Y.S.2d 644, 645 (1st Dep't 1989); Stella Flour & Feed Corp. v. National City Bank, 285 A.D. 182, 184-185, 136 N.Y.S.2d 139, 142-43 (1st Dep't 1954), aff'd no op., 308 N.Y. 1023, 127 N.E.2d 864 (1955). The bank-depositor relationship is founded upon a contract, express or implied, to pay the equivalent of the amount deposited, either according to the depositor's demand or upon rules and regulations agreed upon with the bank. Gimbel Bros. v. White, 256 A.D. 439, 441, 10 N.Y.S.2d 666, 667-68 (3d Dep't 1939); see Middle East Banking Co. v. State St. Bank Int'l, 821 F.2d 897, 901-02 (2d Cir. 1987). "[T]he signer of a written agreement is conclusively bound by its terms unless there is a showing of fraud, duress or some other wrongful act on the part of any party to the contract." State Bank of India v. Patel, 167 A.D.2d 242, 243, 561 N.Y.S.2d 740, 741 (1st Dep't 1990), quoting Columbus Trust Co. v. Campolo, 110 A.D.2d 616, 617, 487 N.Y.S.2d 105, 107 (2nd Dep't), aff'd 66 N.Y.2d 701, 496 N.Y.S.2d 425 (1985).

It is similarly well settled in New York that a depositor may not sue his bank in negligence based solely on the bank-depositor relationship. Calisch Assocs., Inc. v. Manufacturers Hanover Trust Co., 151 A.D.2d 446, 447, 547 N.Y.S.2d at 644, 645-46 (1st Dep't

1989); Bouquet Brands Div. of J&D Food Sales, Inc. v. Citibank, N.A., 97 A.D.2d 936, 937, 470 N.Y.S.2d 733, 734 (3d Dep't 1983); Luxonomy Cars, Inc. v. Citibank, N.A., 65 A.D.2d 549, 550, 408 N.Y.S.2d 951, 954 (2d Dep't 1978); Commonwealth Motor Parts Ltd. v. Bank of Nova Scotia, 44 A.D.2d 375, 379, 355 N.Y.S.2d 138, 143 (1st Dep't 1974), aff'd no op., 37 N.Y.2d 824, 339 N.E.2d 888, 377 N.Y.S.2d 482 (1975); Meadow Brook Nat'l Bank v. Rogers & Haggerty, Inc., 25 A.D.2d 754, 755, 268 N.Y.S.2d 939, 941 (2d Dep't 1966); Stella Flour & Feed Corp. v. National City Bank, 285 A.D. 182, 183-84, 136 N.Y.S.2d 139 (1st Dep't. 1954), aff'd no op., 308 N.Y. 1023, 127 N.E.2d 864 (1955); see Retail Shoe Health Comm'n v. Manufacturers Hanover Trust Co., 160 A.D.2d 47, 51, 558 N.Y.S.2d 949, 952 (1st Dep't 1990).

In this case, Plaintiff seeks to state a claim on the basis of the Expedient Funds Availability Act (the "EFA Act"). Unfortunately for Plaintiff, the EFA Act does not provide her with a cause of action as it relates to the availability of funds in deposit accounts. 12 U.S.C. §4001, et seq. Plaintiff has made no allegation that Chase restricted or limited the availability of her funds in any way. The EFA Act does not require a bank, such as Chase, to provide original canceled checks with routine account statements. Further, while 12 USC §4010 does provide for civil liability to consumer bank account customers under certain circumstances, it limits the liability of a bank for violation of EFA Act regulations to $1,000 in the case of an individual account, such as Plaintiff's. 12 USC §4010(a)(2)(B)(ii).

Even assuming that all of Plaintiff's allegations are true as set forth in the Amended Complaint, it is abundantly clear that Plaintiff has failed to state a cause of action upon which any relief can be granted, much less the relief requested by Plaintiff. Accordingly, as a matter of law, the Court should dismiss Plaintiff's Amended Complaint in its entirety.

## CONCLUSION

For the reasons set forth above, Chase respectfully requests that its Motion to Dismiss the Plaintiff's Amended Complaint be granted in its entirety.

Dated: New York, New York
April 11, 2008

Respectfully submitted,

JPMORGAN CHASE LEGAL DEPARTMENT

By: /s/ Sheila E. Carson
Sheila E. Carson, Esq.
Attorneys for Defendant,
JP Morgan Chase Bank, N.A., 26th Floor
One Chase Manhattan Plaza
New York, New York  10081
(212) 552-0950
sheila.e.carson@jpmchase.com