UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LIZBETH O'KEEFE A/K/A LISBETH
O'KEEFE,

                Civil No.: 07 CV 9811 (RMB)

       Plaintiff,

  - against -

JP MORGAN CHASE BANK, NA,

       Defendant.
------------------------------------------------------------X

## REPLY MEMORANDUM OF LAW OF DEFENDANT JPMORGAN CHASE BANK, N.A. IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT

**JPMORGAN CHASE LEGAL DEPARTMENT**
Sheila E. Carson, Esq.
*Attorneys for Defendant*
JPMorgan Chase Bank, N.A.
One Chase Manhattan Plaza, 26th Floor
New York, New York 10005
(212) 552-0950
sheila.e.carson@jpmchase.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------ X
LIZBETH O'KEEFE A/K/A LISBETH
O'KEEFE,

                 Plaintiff,                 Civil No. 07 CV 9811 (RMB)

- v -

JP MORGAN CHASE BANK, NA,

                 Defendant.
------------------------------------------------ X

### REPLY MEMORANDUM OF LAW OF DEFENDANT JPMORGAN CHASE BANK, N.A. IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT

### PRELIMINARY STATEMENT

Defendant JP Morgan Chase Bank, N.A. ("Chase") respectfully submits this Reply Memorandum of Law in Further Support of its Motion to Dismiss the Amended Complaint. Plaintiff initiated this action against Chase purportedly because Chase failed to return original, cancelled checks with Plaintiff's monthly checking account statement.[1] However, it remains clear that this case should be dismissed because 1) the matter is not properly within the jurisdiction of the Court and 2) the Plaintiff has not alleged a cause of action upon which the relief requested may be granted.

Chase reiterates that Plaintiff's Complaint is wholly without merit, as a matter of law, and is not properly before the jurisdiction of this Court. Although Chase is not liable to Plaintiff in any amount, Plaintiff seeks recovery of $37,502.17 – the face amount of certain checks which

---

[1] Although Chase provided substantial notice to Plaintiff in advance to advise her that original checks would no longer be included with account statements, it does not believe that this Motion is the proper procedural situation to address those factual issues. Chase reserves its right to rely on its notices and deposit account agreement at a more appropriate juncture.

Plaintiff claims not to have received from Chase as "original" canceled checks. Since the demand asserted in the Amended Complaint is below the threshold amount in controversy necessary for diversity jurisdiction before this Court, Plaintiff continues to grasp at jurisdiction in this Court by alleging a federal question basis for jurisdiction under "28 U.S.C. 1331; Expedient Funds Availability Act (12 USC 4001 et seq.)."[2] Plaintiff's assertion of a federal question basis for jurisdiction is unfounded and can only allow this Court to conclude that the Amended Complaint must be dismissed in its entirety.

In her Affirmation in Opposition to Motion (the "Opposition"), Plaintiff steadfastly maintains that she has alleged a legally sufficient federal question under the Expedited Funds Availability Act (the "EFA Act"). However, the EFA Act's sole purpose is to provide faster availability of deposited funds. S.Rep. No. 100-19, at 28, reprinted in 1987 U.S.C.C.A.N. 489, 518; Haas v. Commerce Bank, 497 F.Supp.2d 563, 565 (S.D.N.Y. 2007). The EFA Act is simply inapposite to Plaintiff's factual allegations.

In the Opposition, Plaintiff states that the "basis of compensation is 12 USC 4010(a)(1)(2)(A)(3) as defendant is liable to Plaintiff for not providing to plaintiff said original checks as returning checks is a part of the check payment system 12 USC 4008 (c)(1)(A)(B)." Opposition, ¶3.2.2. The EFA Act does not address the issue of a bank providing original, hard-copy checks to its customer. See 12 USC 4001, et seq. Further, and for the first time, Plaintiff alleges in her Opposition that "Regulation CC 12 CFR pt 229- Subpart C of Regulation CC contains rules to expedite the collection and returning of checks, requiring banks to return checks 'in an expeditious manner'". Opposition ¶3.2.3.1. While this statement by Plaintiff is generally correct on its face, she seems to be confused in the meaning of the term "return" as it applies to the processing of checks through the banking system. The term "return" as it is used here refers

---

[2] Amended Complaint, ¶II.

2

to the process by which a paying bank refuses to pay a check written on its customer's account – typically due to insufficient funds on hand in the customer's account -- and "returns" the check to the depositary bank. See N.Y. U.C.C. §4-301.

In the Opposition, Plaintiff summarizes her claim – and basis for jurisdiction – as follows:

> Plaintiff's non-receipt of such cancelled checks do relate to the availability of funds in plaintiff's account. Plaintiff will be required to pay $37,502.17 to payee's [sic] of such checks that plaintiff already paid as JPMorgan Chase Bank, N.A. did not provide plaintiff receipt of such original cancelled checks. Opposition, ¶3.3.2.

Notwithstanding the fact that Plaintiff is flat wrong in her conclusion that she will somehow be "required to pay $37,502.17" to previously paid payees because she does not have original, cancelled checks, the first issues are for Plaintiff to establish subject matter jurisdiction before this Court and to at least state a least state a legal theory upon which relief can be granted, which she simply has not and cannot accomplish under either the EFA Act and/or Reg CC. Even if this Court were to find the existence of subject matter jurisdiction, the Court would appear to have no choice other than to dismiss the Complaint pursuant to Fed.R.Civ. P. 12(b)(6) because Plaintiff has failed to state a claim upon which relief can be granted.

Even assuming that all of Plaintiff's allegations are true as set forth in the Amended Complaint, it is abundantly clear that Plaintiff has failed to state a cause of action upon which any relief can be granted, much less the relief requested by Plaintiff. Accordingly, as a matter of law, the Court should dismiss Plaintiff's Amended Complaint in its entirety.

## **CONCLUSION**

For the reasons set forth above, Chase respectfully requests that its Motion to Dismiss the Plaintiff's Amended Complaint be granted in its entirety.

Dated:  New York, New York
        August 21, 2008

                          Respectfully submitted,

                          JPMORGAN CHASE LEGAL DEPARTMENT
                          By: _____
                          Sheila E. Carson, Esq.
                          Attorneys for Defendant,
                          JP Morgan Chase Bank, N.A., 26th Floor
                          One Chase Manhattan Plaza
                          New York, New York  10081
                          (212) 552-0950
                          sheila.e.carson@jpmchase.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LIZBETH O'KEEFE A/K/A LISBETH
O'KEEFE,

                Plaintiff,

      - against -

JP MORGAN CHASE BANK, NA,

                Defendant.
------------------------------------------------------------X

Civil No.: 07 CV 9811 (RMB)

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK )
                    ) ss.:
COUNTY OF NEW YORK )

STUART RADISH being duly sworn, deposes and says, that deponent is not a party to the action, is over eighteen years of age and is employed by JPMorgan Chase Bank, N.A.

That on the 21st day of August, 2008 deponent served the within:

**REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF MOTION
TO DISMISS THE AMENDED COMPLAINT**

upon the name(s) listed below by depositing a true copy of the same securely enclosed in a first class, postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service.

UPON:
LIZBETH O'KEEFE
Defendant Pro Se
P. O. Box 286908
New York, NY 10128

Sworn to before me this
21st day of August, 2008

_Susan McNamara_
Notary Public

SUSAN McNAMARA
Notary Public, State of New York
No. 43-4836571
Qualified in Richmond County
Certificate Filed in New York County
Commission Expires July 31, 2009