**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
LIZBETH O'KEEFE a/k/a LISBETH O'KEEFE,

                                    Plaintiff,

                                                            07 Civ. 9811 (RMB)
           -against-

                                                            **ORDER**

J.P. MORGAN CHASE BANK, N.A.,

                                    Defendant.
------------------------------------------------------------X

Having reviewed Defendant's motion to dismiss the amended complaint in this action,

dated April 11, 2008 ("Def. Mot."); Plaintiff's opposition to the motion to dismiss, dated August

12, 2008 ("Opp."); Defendant's reply brief, dated August 25, 2008 ("Reply"); and with due

regard for Plaintiff's pro se status, see Lerman v. Bd. of Elections of New York, 232 F.3d 135,

139 (2d Cir. 2000) ("In order to justify the dismissal of . . . [a] pro se complaint, it must be

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

entitle him to relief."), the Court finds and directs the following:

Plaintiff's central allegation that she "received only photocopies" of J.P. Morgan checks

she wrote from September 28, 2006 to January 25, 2007 and that she "will be required to pay

$37,502.17 to payees of such checks" fails to state a claim under the Expedited Funds

Availability Act ("Funds Act"), 12 U.S.C. § 4001 et seq. (Opp. at 5); see also Haas v.

Commerce Bank, 497 F. Supp. 2d 563, 565 (S.D.N.Y. 2007). Defendant is not required to

provide original cancelled checks to Plaintiff under the Funds Act because, as Defendant notes,

the Funds Act does not contain such a requirement and does not make any reference to hard-copy

checks. See 12 U.S.C. § 4001 et seq.; 12 C.F.R. § 229.1.

The Funds Act is a "law designed to accelerate the availability of funds to bank depositors and to improve the nation's check payment system." Bank One Chicago, N.A. v. Midwest Bank & Trust Co., 516 U.S. 264, 266 (1996). Plaintiff sets forth no Funds Act claim. See id. Among other things, Plaintiff fails to (and cannot) allege that her photocopied checks limited the "availability of [her] deposited funds." Haas, 497 F. Supp. 2d at 565. Defendant also argues (persuasively) that "Plaintiff is . . . wrong in her conclusion that she will somehow be 'required to pay $37, 502.17' to previously paid payees because she does not have original cancelled checks." (Reply at 3.) Although "[t]he [Funds] Act specifically provides that banks are civilly liable to individuals damaged as a result of a Funds Act violation," courts properly dismiss actions where, as here, a plaintiff "has failed to explicitly anchor his demand for compensatory and punitive damages to any legal theory." Haas, 497 F. Supp. 2d at 565.

Accordingly, the Court finds that Plaintiff has failed (and can prove no set of facts) to state a claim under the Funds Act. See id. Because Plaintiff asserts no other basis for jurisdiction, "subject matter jurisdiction is lacking [and] the action must be dismissed." See Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700–01 (2d Cir. 2000).

**Order**

Defendant's motion [#7] is granted. The Clerk of the Court is respectfully requested to close this case.

Dated: New York, NY
       August 26, 2008

_____

**RICHARD M. BERMAN, U.S.D.J.**